IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-77,626-01






EX PARTE LAWRENCE ELBERT EDLER, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 11-08-7393A IN THE 286TH DISTRICT COURT


FROM HOCKLEY COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to driving while
intoxicated and was sentenced to twelve years' imprisonment. He did not appeal his conviction.

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because 
counsel did not meet with him until he had been in jail for five months, and had been administered
psychoactive medications without the supervision of a doctor. Applicant alleges that counsel was
aware of this fact, and was aware that Applicant's thinking was impaired as a result of the
medications. Applicant alleges that counsel did not discuss possible defenses with him, but told him
that he would be subject to a minimum sentence of twenty-five years if he did not plead guilty. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel. 
Specifically, trial counsel shall state whether he consulted with Applicant and discussed potential
defenses with him prior to trial. Counsel shall state whether he was aware that Applicant was
receiving psychoactive medications, and if so, whether the medications were given without a doctor's
supervision. Counsel shall state whether he saw any indication that Applicant might not be
competent to enter a plea. Counsel shall state whether the State gave notice of intent to enhance
Applicant's punishment range using previous convictions not alleged in the indictment. Counsel
shall state whether he told Applicant that he would be subject to punishment as a habitual felon if
he went to trial on the charges, and if so, how the State would have proved prior sequential felony
convictions. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether the
performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient
performance prejudiced Applicant. The trial court shall make findings as to whether Applicant was
competent to enter a plea, and as to whether he was correctly admonished as to the nature of the
charges, the applicable punishment range, the rights he was waiving, and the consequences of his
plea. The trial court shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 


Filed: June 13, 2012

Do not publish